**Norman JOHNSON, Plaintiff–Appellant,**

v.

**JUST ENERGY, Defendant–Appellee,**

Rebecca MacDonald, Ken Hartwick, Scott Gahn, Darren Pritchett, Beth Summers, Humera Siddiqui, Wayne Morgan, Jason Herod, Chad Lansford, Defendants.

No. 12–3962.

United States Court of Appeals, Second Circuit.

Dec. 16, 2013.

Norman Johnson, Jamaica, NY, pro se.

Charles E. Dorkey III, Seth H. Borden, Rebecca Tingey, McKenna Long & Aldridge LLP, New York, NY, for Defendants–Appellee.

PRESENT: ROBERT A. KATZMANN, Chief Judge, RALPH K. WINTER and GUIDO CALABRESI, Circuit Judges.

## *SUMMARY ORDER*

Appellant, Norman Johnson, *pro se,* appeals from the district court's grant of summary judgment to his former employer, Just Energy, dismissing his employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate

only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Upon such review, we conclude that Johnson's appeal is without merit for the reasons articulated by the district court in its order.

We have considered all of Johnson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. We grant Just Energy's motion to strike exhibits in Johnson's appendix that were not part of the record before the district court. *See Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir.1975) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record."). We deny the motion as moot as to Johnson's argument, raised for the first time on appeal, that he was denied a visa by the Australian consulate because he could not establish how he would pay for the trip, as we do not consider arguments raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).